﻿Citation Nr: AXXXXXXXX
Decision Date: 01/08/19 Archive Date: 01/08/19

DOCKET NO. 181017-648
DATE: January 8, 2019

ORDER

Service connection for an acquired psychiatric disorder, to include PTSD, is granted.

FINDING OF FACT

The Veteran’s acquired psychiatric disorder, to include PTSD, is related to his combat service. 

CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder, to include PTSD, have been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty with the United States Navy from September 1966 to June 1976.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

In the August 2018 RAMP decision, since the AOJ readjudicated the claim of service connection for an acquired psychiatric disorder on the merits, the AOJ essentially found that new and relevant evidence was submitted to warrant readjudicating the claim. The Board is bound by this favorable finding and will not further address the matter of whether new and relevant evidence has been submitted. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

Entitlement to service connection for an acquired psychiatric disorder, to include PTSD

The Veteran and his attorney contend the Veteran is entitled to service connection for PTSD due to a stressor from his service in Vietnam.

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (i.e., in accordance with DSM-5); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).

In the present case, the Board concludes that the Veteran has a current diagnosis of PTSD that is related to an in-service stressor. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. §§ 3.303(a), 3.304(f).

VA treatment records show the Veteran has diagnoses of PTSD under DSM-5 beginning in April 2015. In addition, a private physician, Dr. M.C., diagnosed the Veteran with PTSD under DSM-5 in June 2017. 

The Board acknowledges that following the July 2015 VA examination, the VA examiner diagnosed the Veteran with major depressive disorder, rather than PTSD. The VA examiner noted that while the Veteran endorses some re-experiencing symptoms related to seeing his friend die in service, the full constellation of symptoms is not met for PTSD. Further, the VA examiner noted that the Veteran has some anxiety and reports a few PTSD symptoms, but the present clinical picture is of major depressive disorder. 

Regarding the VA examiner’s diagnosis, Dr. M.C. noted in his June 2017 report that the VA examiner did not provide an explanation as to why the Veteran’s symptomatology, which is classic for PTSD, is associated with major depressive disorder. Further, Dr. M.C. noted that the Veterans’ symptomatology is “completely related to his PTSD” and that the diagnosis is “unequivocal and easily made.” As there are competent and credible diagnoses of PTSD, the Board resolves any doubt in favor of the Veteran and finds that he meets the requirements of 38 C.F.R. § 4.125(a) for PTSD. 

Turning to the Veteran’s claimed stressor, in its August 2018 rating decision, the AOJ made a favorable finding as to the Veteran’s in-service stressor based on his receipt of the Combat Action Ribbon. The Board is bound by this favorable finding. 

Finally, the evidence establishes a link between the Veteran’s current symptoms and his in-service stressor. Specifically, Dr. M.C. opined in June 2017 that “the [V]eteran’s symptoms began shortly after the events occurring on the [U.S.S.] DuPont and are not related to any premilitary or post military circumstances or events.” In support of his opinion, Dr. M.C. conducted a full examination of the Veteran in accordance with the DSM-5 criteria, discussed his combat related stressor, and cited to the trauma related symptoms manifested after the Veteran’s service in Vietnam. 

The Board gives great probative weight to the opinion of Dr. M.C. as the opinion is consistent with the record, he conducted an interview of the Veteran via a telemedicine conference, and the opinion reflects consideration of the Veteran’s history. Dr. M.C. also provides a thorough rationale for the conclusions reached.

The Board resolves any reasonable doubt in favor of the Veteran and concludes that the requirements of 38 C.F.R. § 3.304(f) have been met; therefore, service connection for an acquired psychiatric disorder, to include PTSD, is warranted.

 

M. SORISIO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD N. Breitbach, Associate Counsel